DOUGLAS ET AL. *v.* TASH, AUDITOR ET AL.

[No. 26,453. Filed March 23, 1936.]

J. H. & A. L. Aiken and Otto E. Grant, for appellants.

Emmett C. Mitchell and James L. Tucker, for appellees.

TREANOR, J.—Appellants brought an action to enjoin the treasurer of Washington County from collecting any taxes in that county "except only as to the sum of fifteen cents on each $100.00 of valuation for the State of Indiana," and to mandate the auditor of the county to amend the tax duplicates and "place therein a rate of but fifteen cents on each $100.00 of valuation of property." The defendants, the auditor and treasurer of Washington County, and the Town of Salem, whose petition to intervene as a party defendant was granted, filed demurrers to appellants' complaint. The trial court sustained the demurrers; plaintiffs refused to plead further and judgment was rendered for defendants. The court's rulings upon the demurrers are assigned as errors upon appeal.

The following facts appear from the allegations of the complaint and necessary presumptions:

(1) The proper officers of the various taxing units duly prepared their budgets and fixed levies in conformity therewith and filed the same with the county auditor, all as required by law.

(2) The county auditor had placed "the budgets adopted and tax levies fixed by the proper officers or bodies of each municipal corporations before the county board of tax adjustment."

(3) The board of tax adjustment refused to declare an emergency and adjourned *sine die* without taking

any action respecting the levies and budgets and without making a final order revising, changing or reducing any budget or levy which had been laid before it.

(4) The county auditor prepared tax duplicates for the various taxing units with tax rates based upon the levies which had been fixed by the proper officers of the various taxing units and which had been filed with the auditor and by him laid before the county tax adjustment board.

(5) The county treasurer was threatening to collect taxes in accordance with the tax rates appearing upon the duplicates prepared by the county auditor.

(6) No appeal was taken to the state board of tax commissioneres within the time prescribed by the statute.

Appellants' contention is that under §4, ch. 237, Acts 1933,[1] the existence of an emergency and the declaration of the existence of such emergency by the county tax adjustment board are conditions precedent to the establishing in any municipal corporation of a legal tax levy requiring a rate greater than $1.00 or $1.50, as provided for in §3, ch. 237, Acts 1933; and that no municipal official or body has the power to establish any such levy in the absence of an emergency and prior to the declaration of the existence of such emergency by the county tax adjustment board. Appellants' contention, if correct, necessarily presupposes the assumption that the adopting of budgets and the establishing of tax levies by the proper officials or official bodies of taxing units merely amount to an assembling of tax data to be submitted to the county tax adjustment board. But we find no provision in ch. 237 to support such a conclusion; and it is clear that

1. §64-304, Burns Ind. St. Ann. 1933; Acts 1933, ch. 237, §4, p. 1085.

under the statutes which set up our genereal system of taxation the power of giving validity to local tax levies has been conferred upon local municipal corporations and is exercised by certain designated officials who act for their respective municipalities. Under the provisions of ch. 237 the county tax adjustment board and the state board of tax commissioners are special reviewing tribunals with power to modify items of budgets and to change levies and rates to correspond thereto; but the power to give legal existence to tax levies and to make them legally binding upon taxpayers remains with the local municipalities. After the reviewing tribunals have finished their work the original levy for each municipality is still in force, but as modified by one or both of these tribunals.

It follows from the foregoing that the levies established and the rates fixed by the officials of local municipalities are valid and legally existent when they are submitted to the county tax adjustment board; and if they become void it must be because some provision of §§3 or 4 of ch. 237 gives such retroactive effect to the adjustment board's failure to act.

We shall first consider §3 of ch. 237.[2] This provides in substance that no property shall be subjected to a total tax levy of more than $1.00 or $1.50 on each one hundred dollars of valuation, "except as provided in section 4 of this act." And the latter

2. "The total of all tax levies on property within any municipal corporation for all municipal corporations for which the property therein is taxable, except as provided in section 4 of this act, shall not exceed the following total rates:

"In territory outside of the corporate limits of incorporated cities and towns, the total tax rate for all purposes, including the state levy referred to in section 1 of this act, shall not exceed one dollar on each one hundred dollars of taxable property therein.

"In territory inside of the corporate limits of incorporated cities and towns, the total tax rate for all purposes, including the state levy referred to in section 1 of this act, shall not exceed one dollar and fifty cents on each one hundred dollars of taxable property therein." §64-303, Burns Ind. St. Ann. 1933, Acts 1933, ch. 237, §3, p. 1085.

section authorizes a greater total tax rate if an emergency exists and if the county tax adjustment board declares such emergency to exist. Chapter 237 places no rate limitation on the original levies which are fixed by the officers of each municipal corporation. The officers are left free to use their best judgment in determining the amount of the budget and the tax levy based thereon, even though the rate should be in excess of $1.50. When the levies, including rates, of the various municipalities are placed before the county adjustment board it is the duty of the latter to determine the amount of the total rate for each municipal corporation. Section 4 of ch. 237 contains the following:

". . . At the first meeting the county auditor shall lay before said board the budgets adopted and tax levies fixed by the proper officers or bodies of each municipal corporation of such county for the ensuing year, and such board shall have the right to require the attendance, or the furnishing of such information pertaining to said budgets and levies, by the officials of the various municipal corporations in the county as said board may deem necessary. . . . It shall be the duty of such board to examine and, if it deems such action necessary, revise, change or reduce, but not increase, any tax levy and any corresponding items of the budgets on which such tax levies are based and apportion the total of all of said levies so that the total levy on property within any municipal corporation for all municipal corporations for which the property therein is taxable, including the state levy referred to in section 1, shall not exceed the applicable total rate as provided in section 3 hereof; *Provided, however,* That if an emergency exists as to any municipal corporation, such board, by a vote of at least five members thereof, shall have the power to fix such tax levy for such municipal corporation as is . necessary to meet such emergency though the total rate fixed as the result thereof shall exceed the applicable total rate as provided in section 3 of this·· act. . . ."

Under the foregoing provisions it is the duty of the county tax adjustment board to make such changes and reductions in budgets and levies as are necessary to keep the total rate for each municipal corporation within the "applicable limit," unless an emergency exists "as to any municipal corporation." But there is no provision which, because of the adjustment board's failure to declare an emergency, expressly invalidates levies of the municipalities which have been submitted to the adjustment board and which require a rate in excess of the applicable limit. Appellants do not insist that any particular provision of §§3 or 4 expressly provides that failure of a county adjustment board to declare an emergency will invalidate the original levies of the several municipal corporations; but they do insist that a construction of §§3 and 4 which does not require a voiding of such levies, in case the adjustment board fails to declare an emergency and fails to make a final order, would, in effect, give a county tax adjustment board the power to render nugatory "all of the provisions with reference to the existence of an emergency and the declarations of the same." (Appellants' Brief, p. 39.) We believe, as urged by appellants, that the provisions of ch. 237 should not be construed to permit the county adjustment board to nullify, by inaction, the emergency provisions of §§3 and 4, if any other construction reasonably can be justified; such a result would be contrary to the general purpose and spirit of the statute. On the other hand, if appellants' construction is accepted as correct the county tax adjustment board does have the power, by its own inaction, to make financial wreck of the business affairs of municipal corporations and to paralyze the functions of local government, a result which is contrary to the purpose and spirit not only of ch. 237 but also of our whole taxing system.

Fortunately the General Assembly of 1933 did not make it possible for a county tax adjustment board, by its own failure to act, to nullify the emergency provisions of ch. 237, §§3 and 4, or to destroy the tax levies originally made by the several municipal corporations. In addition to provisions authorizing taxpayers and municipal corporations to appeal from decisions of county tax adjustment boards, §4 of ch. 237 contains the following:

> ". . . The final order of the county tax adjustment board, specifying fully the changes, if any, made in the levies and budgets laid before it, shall be made not later than the first day of October in each year and if such board shall not make a final order on or before said date, then the levies as first fixed by the proper authorities of the various municipal corporations shall be final unless an appeal be taken therefrom to the state board of tax commissioners by the filing of a petition by ten or more taxpayers in the manner hereinabove provided on or before the tenth day of October."

It is clear from the foregoing that the General Assembly of 1933 anticipated that some county tax adjustment boards might fail to make a final order; and for the purpose of avoiding any confusion in case of inaction by the county board the General Assembly expressly provided that the "levies as first fixed by the proper authorities of the various municipal corporations shall be final" unless ten or more taxpayers take an appeal to the state board of tax commissioners; and ten taxpayers of any municipal corporation may appeal directly to the state board of tax commissioners for a review of the budget and levy adopted by the officers of their corporation. If the tax adjustment board not only fails to make a final order but also refuses to declare an emergency the state board must revise budgets and adjust levies so as to bring the total rate within the statutory limits of §3, ch. 237. If an emergency exists

and the county board has so declared, but has failed to make a final order respecting the budget and levy, then the state board of tax commissioners may revise and adjust budgets and levies without being required to bring the total rate within the statutory limits which are established by §3 of ch. 237. But if the county tax adjustment board makes no final order and if ten taxpayers can not be found in a municipal corporation who object to the levy first made by the proper municipal officers, then such levy is final.

The foregoing construction of §§3 and 4 is completely in harmony with the spirit and purpose of ch. 237, Acts 1933. And under such construction the inaction of the county tax adjustment board can neither paralyze the functions of local government, a result which appellants seem to welcome, nor nullify the tax limitation and emergency provisions of ch. 237, a result which appellants fear.

Since ten or more taxpayers did not appeal to the state board of tax commissioners on or before the tenth day of October, the levies of the various municipal corporations became final. It was then the duty of the county auditor to prepare tax duplicates in conformity with the levies and rates fixed by the various municipal corporations and the duty of the county treasurer to collect the taxes based thereon.

The complaint does not state a cause of action and the trial court did not err in sustaining a demurrer thereto.

Judgment affirmed.